UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tony Harris, | ) | C/A No.  5:13-558-JFA-KDW |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| | ) | |
| U.S. Parole Commission; Warden of FCI-Edgefield, | ) ) | |
| | ) | |
| Respondents. | ) | |

The *pro se* petitioner, Tony Harris, brings this action pursuant to 28 U.S.C. § 2241 seeking to quash a detainer filed against him by the U.S. Parole Commission. The petitioner is was incarcerated at the Federal Correctional Institution (FCI) in Edgefield, South Carolina.

The respondents filed a motion for summary judgment and an order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion to dismiss. Petitioner did not respond to the motion.

The court then filed a second order on July 17, 2013, allowing the petitioner additional time to respond to the motion and advise the court is he wished to continue this case. Again, petitioner did not respond.

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

Recommendation wherein she suggests that this action should be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation which was entered on the docket on August 12, 2013, but no objections were filed and the time to do so has expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference. Accordingly, this action is dismissed with prejudice for failure to prosecute under Fed.R.Civ.P. Rule 41(b) and all outstanding motions are deemed moot.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."

IT IS SO ORDERED.

August 30, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge